IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARY NELSON et al.                                                                                                           PLAINTIFFS

v.                                       Civil No. 4:13-cv-04100

P.D. ANTHONY BIDDLE et al.                                                             DEFENDANTS

<u>**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**</u>

      Before the Court is Plaintiffs' Motion for Service.  ECF No. 2.  The Court previously granted Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis*.  ECF No. 4.  The Court now recommends Plaintiffs' Motion for Service be **DENIED**, and Plaintiffs' case be dismissed.

      Pursuant to 28 U.S.C. § 1915(e)(2) (1996), a federal court may dismiss an *in forma pauperis* action "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

      In the present action, Plaintiffs seek damages for the "false conviction" of Rodriquez Nelson. ECF No. 5.  Based upon the documents Plaintiffs submitted to the Court, Rodriquez Nelson was convicted on June 13, 2011 of one count of aggravated residential burglary, one count of first degree domestic battery, one count of false imprisonment, and one count of terroristic threatening.  ECF No. 1-2 at 21-24.  He was sentenced to a total time of service of 600 months for these offenses.  *Id.* Based upon the information presented to the Court, Rodriquez Nelson's conviction is still valid, and he is still serving his sentence.  ECF No. 5.

      It is well-settled law that "[t]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . a [42 U.S.C.] 1983 plaintiff must prove that the conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . ." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).  In this case, there has been no demonstration that Rodriquez Nelson's conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."

Accordingly, because Plaintiffs have not made a showing which is clearly required for relief in this action, the Court recommends Plaintiffs' case be **DISMISSED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED** this **12th day of December 2013.**

                                                   /s/   Barry A. Bryant  
                                                  HON. BARRY A. BRYANT  
                                                  U.S. MAGISTRATE JUDGE